UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Markeith Douglas,

Case No. 3:24-cv-716

        Plaintiff,

    v.

MEMORANDUM OPINION
AND ORDER

Julia R. Bates,

        Defendant.

## I.     BACKGROUND

Plaintiff Markeith Douglas, an Ohio prisoner proceeding *pro se*, has filed a "Verified Complaint for Declaratory and Injunctive Relief" in this case against Lucas County, Ohio Prosecutor Julia R. Bates. (Doc. No. 1). Plaintiff was convicted in the Lucas County Court of Common Pleas in 2022, pursuant to a guilty plea, on charges of rape and burglary. *See State of Ohio v. Douglas*, No. G-4801-CR-0202101035-000 (Lucas Cnty. Ct. Comm. Pls).

In his complaint, Plaintiff contends his indictment is "void ab initio" and constitutionally defective, and the relief he seeks is an order "void[ing]" his criminal judgment and a declaration that his "20 years sentences" are unconstitutional. (*See* Doc. No. 1 at 5-6).

## II.     DISCUSSION

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible,

1

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing cases).

Plaintiff's complaint is subject to *sua sponte* dismissal in accordance with *Apple v. Glenn* because he cannot obtain the relief he seeks in a civil rights action. A civil rights action is not a valid mechanism by which a prisoner may challenge the legality of his confinement following a state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-500 (1973). Rather, when a person in state custody challenges the validity of a state criminal conviction or sentence and the relief he seeks is his immediate release or a speedier release, "his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Accordingly, to the extent Plaintiff seeks to challenge the constitutionality of his state conviction or sentence, he must do so by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after he has fully exhausted the remedies available to him in the Ohio courts. *See* 28 U.S.C. § 2254(a)&(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). His complaint on its face fails to state a non-frivolous federal civil rights claim.

Further, even to the extent Plaintiff seeks relief available in a civil rights action, his complaint fails to allege a cognizable claim under the Supreme Court's decision in *Heck,* 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner is precluded from raising claims in a civil rights action if a judgment on the merits on the claims would affect the validity of his conviction or sentence, unless and until the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

*Heck* applies whether a plaintiff seeks damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Plaintiff purports to assert claims challenging the lawfulness of his state-court conviction and sentence, but he has not alleged or demonstrated that either his conviction or sentence has been invalidated or called into question in any of the ways articulated in *Heck*.  Accordingly, even if he asserted a claim available in a civil rights action, such claim is non-cognizable.

Finally, Plaintiff's complaint on its face challenges conduct taken by Prosecutor Bates as to which she is absolutely immune from suit.  It is well-established that state prosecutors are immune from suits under 42 U.S.C. § 1983 for actions they take "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  *See also Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (discussing judicial and prosecutorial immunity).

### III.    CONCLUSION

Accordingly, for the reasons stated above, I *sua sponte* dismiss Plaintiff's complaint in this case.  I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.


 s/ Jeffrey J. Helmick
United States District Judge

3